IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WARREN GERBER,                    :
    Petitioner,    :    1:12-cv-0907
        :
v.                                :    Hon. John E. Jones III
        :
PA STATE ATTORNEY                 :
GENERAL, *et al.*,                :
    Respondents.   :

## **MEMORANDUM**

### **November 30, 2015**

Petitioner Warren Gerber ("Gerber") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, on May 4, 2012, challenging his Pennsylvania state conviction entered in the Luzerne County Court of Common Pleas on or about May 3, 2007.  (Doc. 1).

On September 30, 2015, the Court issued an Order (Doc. 40) directing Gerber to show cause why the petition should not be dismissed based on procedural default.  In response, Gerber filed "Petitioner's Rule to Show Cause Why His Claims Should Not be Deemed Procedurally Defaulted and Petition Dismissed." (Doc. 43).  Respondents filed a response (Doc. 46)  on November 16, 2015.  For the reasons set forth below, the petition will be dismissed.

## I.    PROCEDURAL HISTORY

###     A.    State Court

On May 3, 2007, Gerber entered a plea of guilty to forty-nine counts of theft in Court of Common Pleas of Luzerne County, Pennsylvania, criminal case CP-4--CR-5110-2006.  (Doc. 1).  He was sentenced on April 14, 2008.  (Doc. 1, p. 2).  On May 1, 2008, his sentence, which included a term of imprisonment of eight to sixteen years, was modified to an aggregate term of ten to twenty years of imprisonment, restitution in the amount of $207,980.00, and payment for the costs of prosecution.  (Doc. 1-6).  No direct appeal was taken.  (Doc. 1, p. 2).

On May 14, 2009, Gerber filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. C.S. § 9541, *et seq.*[1]  Because no action was taken on the petition, on September 16, 2010, Gerber filed a second PCRA petition raising the following claims:

> 1. Much of the restitution that I have been sentenced to pay are [for] property that was recovered, which is double payment;
>
> 2. My counsel was ineffective for allowing me to be sentenced to said unlawful illegal sentence;
>
> 3. Judge Toole is corrupt and biased against me, and was accepting illegal payment for favorable rulings in his

---

[1]This document is missing from the state court record.  (Doc. 38).

courtroom evidenced by his 12-29-09 guilty plea in U.S.
District Court;

4. There is not any time limit for an illegal sentence. . . .

(Doc. 23-11, p. 5; Doc. 35-4, p.4).  The PCRA court appointed counsel and

directed the Commonwealth to respond to the petition.  The Commonwealth failed

to respond.  On May 20, 2011, the PCRA court directed counsel to file a

supplemental/amended PCRA and supporting brief and advised that any request for

an evidentiary hearing must be made before June 20, 2011.  (Doc. 23-12).  Also,

the Commonwealth was directed to file a response and supporting brief.  (*Id.*)  The

Commonwealth failed to respond.  No action was taken by PCRA counsel.  On

February 19, 2014, PCRA counsel moved to withdraw the PCRA petition stating

that "[a]fter consultation, the Defendant determined that he did not want to pursue

any possible PCRA issues.  As a result, Defendant determined that it would be in

his best interest to withdraw his Petition.  Defendant makes the withdrawal

knowing and voluntarily and under his own free will."  (Doc. 26-2, ¶¶ 3-5; Doc.

35-2, ¶¶ 3-5).  On February 26, 2014, the motion to withdraw the PCRA petition

was granted.  (Doc. 26-3, p. 2; Doc. 35-3, p. 2).  On March 12, 2014, Gerber wrote

a letter to PCRA counsel indicating his objection to the withdrawal of his petition.

(Doc. 35-5, p. 7).  A copy was provided to the PCRA court.  (*Id.*)  On March 18,

2014, PCRA counsel wrote to the court representing that there was "no doubt in

3

[his] mind that the Defendant told [him] to withdraw the petition." (*Id.* at 9).  On

July 22, 2014, Gerber filed supplemental objections to the order granting

withdrawal of the PCRA petition.  (*Id.* at 2-4).

      B.    <u>Federal Court</u>

On May 4, 2012, almost three years after his original PCRA petition was

filed, Gerber filed the instant federal petition raising the following claims:  1. He

was not afforded compulsory joinder with respect to Monroe County and Luzerne

County prosecutions in violation of his Fourteenth Amendment due process rights

and the Sixth Amendment; 2. His Fifth and Fourteenth Amendment rights were

violated by virtue of the state pursuing four successive prosecutions; 3. He was

subjected to vindictive prosecution in violation of the equal protection clause and

the due process clause because his co-defendant receiving benefit of compulsory

joinder statute; and, 4. Counsel was ineffective during plea negotiations and at

sentencing in not objecting to, or filing motions to preclude, successive and

duplicate  prosecutions.  (Doc. 1, pp. 5-9, 24).  Gerber seeks to have the exhaustion

requirement excused based on three years of inexcusable delays and inaction of

PCRA counsel and the Commonwealth.  In their July 31, 2012 response, the

Commonwealth agreed that Gerber suffered inordinate delay and expressly waived

the exhaustion requirement under 28 U.S.C. § 2254(b)(3).  (Doc. 10-1 , p. 3 ).  In

their March 3, 2014 response, the Commonwealth notes that, although they waive the issue of exhaustion, they note that "the claims in Gerber's PCRA petition are separate and distinct from the claims that he is raising in his petition for writ of habeas corpus." (Doc. 22, p. 11, fn. 11).  They reaffirmed the waiver in their July 17, 2015 filing as well as the fact that "the claims in Gerber's Motion for PCCR are separate and distinct from the claims that he presents in his habeas petition."[2] (Doc. 39, p. 3, fn. 5).

Review of the petition for writ of habeas corpus and the annexed exhibits (Doc. 1), Respondents' Responses (Docs. 10, 22, 29), Exhibits (Doc. 23), Notices (Docs. 26, 35, 37-38), and Memorandum of Law (Doc. 39), and Petitioner's Traverse (Doc. 13), revealed that the claims Gerber raises in the petition may not have been fairly presented to the state courts, and consequently, may be procedurally defaulted.  As such, on September 30, 2015, an Order (Doc. 40) entered directing Gerber to show cause why the claims in the petition should not be deemed procedurally defaulted and dismissed.  Gerber filed a "Rule to Show Cause" (Doc. 43) on November 2, 2015, arguing that the Court is obligated to review the merits of his petition because the Commonwealth concedes exhaustion.

---

[2]Gerber filed a petition for post-conviction collateral relief ("PCCR") pursuant to the Post-Conviction Hearing Act, the forerunner to the Post Conviction Relief Act.  42 Pa.C.S. § 9541 *et seq.*

Respondents responded (Doc. 46) on November 16, 2015.

## II.    RELEVANT LEGAL STANDARDS

The state courts must have the first opportunity to redress any claimed violation of a habeas petitioner's federal rights. *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). The habeas statute codifies this principle by requiring that a petitioner "exhaust[ ] the remedies available in the courts of the State" before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (stating "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process). This requires applicants to "fairly present" federal claims to state courts before bringing them in federal court. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997).

To fairly present a federal claim, a petitioner must alert the state courts to the federal nature of the claim. *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). Citations to the Constitution or to federal case law can provide adequate

notice of the federal character of the claim. *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1232 (3d Cir. 1992).  A petitioner may also alert the state courts through "reliance on state cases employing [federal] constitutional analysis in like fact situations," or "assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution." *Id.*  Thus, a federal claim may be fairly presented to the state courts even when the petitioner makes no express reference to federal law. *McCandless*, 172 F.3d at 261.

Further, the federal claims raised in the state courts need not be identical to the claims now pursued in federal court. *See Picard*, 404 U.S. at 277 (recognizing that petitioner is entitled to "variations in the legal theory or factual allegations used to support a claim").  But the exhaustion requirement would "serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts." *Id.* at 276.  A petitioner has exhausted a federal claim only if he or she presented the "substantial equivalent" of the current claim to the state court. *Id.* at 278; *see also McCandless*, 172 F.3d at 261 (holding that petitioner must present both "factual and legal substance" of claim to state courts).

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an

absence of available State corrective process.'  28 U.S.C. § 2254(b).  In such cases,

however, applicants are considered to have procedurally defaulted their claims and

federal courts may not consider the merits of such claims unless the applicant

establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to

excuse his or her default.  *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct.

2546, 115 L.Ed.2d 640 (1991)."  *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d

Cir. 1999).

## III.   DISCUSSION

It is clear from review of the PCRA petition, and the federal petition, that

Gerber failed to fairly present any of the claims contained in his federal petition to

the state courts when he had the opportunity to do so.  Consequently, his claims are

procedurally defaulted.  Gerber was afforded the opportunity to show cause why

the claims in the petition should not be deemed procedurally defaulted and the

petition dismissed and, although he filed a "Rule to Show Cause Why His Claims

Should Not be Deemed Procedurally Defaulted and Petition Dismissed," he fails to

address procedural default.  (Doc. 43).[3]

---

[3]Gerber essentially argues that because Respondents concede exhaustion, the Court is obligated to consider the merits of his claims.  This argument fails based on the premise that, although procedurally defaulted claims are considered exhausted, federal courts may not consider the merits of such claims unless the applicant establishes cause and prejudice or a fundamental miscarriage of justice to excuse the default.  *See McCandless*, 172 F.3d at 260.

To demonstrate "cause" for a procedural default, a petitioner must point to some objective external factor which impeded his efforts to comply with the state's procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Prejudice" will be satisfied only if he can demonstrate that the outcome of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation of federal law. *See Lockhart v. Fretwell*, 506 U.S. 364, 366 (1993). Gerber fails to establish cause. Although it is undisputed that he had no role in the delays and lack of consideration given to the claims he raised in his PCRA proceedings, there is simply nothing in the record to establish that some objective external factor prohibited him from presenting the claims he raises in his federal petition during the state court proceedings.

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001).  The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496.  A petitioner

9

establishes actual innocence by asserting "new reliable evidence—whether it be

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

physical evidence—that was not presented at trial," showing that no reasonable

juror would have voted to find the petitioner guilty beyond a reasonable doubt.

*Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir.2004).

Gerber does not establish that the failure to review his claim would result in a

fundamental miscarriage of justice; he does not allege the existence of new reliable

evidence, not presented at his trial, that demonstrates that no reasonable juror

would have tendered a vote of guilty beyond a reasonable doubt.

## IV.   CONCLUSION

For the reasons set forth above, the claims raised in the federal petition are

deemed procedurally defaulted and the petition will be dismissed.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a

certificate of appealability ("COA"), an appeal may not be taken from a final order

in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant

has made a substantial showing of the denial of a constitutional right.  28 U.S.C. §

2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of

reason could disagree with the district court's resolution of his constitutional

claims or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural disposition of this case debatable.  *See Vogt*, 2010 WL 126155, at *8 (concluding that "jurists of reason would not find it debatable whether the Petition was filed within the one-year limitation period provided for under AEDPA" and denying a certificate of appealability). Accordingly, there is no basis for the issuance of a certificate of appealability.

The denial of a certificate of appealability does not prevent Gerber from appealing the order dismissing his petition so long as he seeks, and obtains, a certificate of appealability from the court of appeals.  *See* FED. R. APP. P. 22(b)(1), (2).

A separate order will enter